IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IMHOTEP JORDAN, JR.,

Plaintiff,

v.

SAUNDRA B. ARMSTRONG, et al.,

Defendants.

No. C 11-06314 SBA (PR)

**ORDER OF DISMISSAL**

Plaintiff commenced the instant pro se action under 42 U.S.C. § 1983 by filing a document on December 14, 2011 entitled, "Instrument of Certification of Judicial Breach of Contractual Oath of Office By: Unclean Hands, Fraudulent Concealment, Fraud, Misapplication of State and Federal Law, Corruption, Misprison [sic], Malfeasance of Office, Interference, Denial, Abrogation, Infringement Upon Judgment Creditors God Vested Sovereign Sentient Rights and Freedoms Under Color of Law. Demand for Certified Response." (Pl.'s Dec. 14, 2011 Filing at 1 (emphasis in original).) The Court notes that the aforementioned document filed in the instant case lists the undersigned judge as a defendant. Though not entirely clear, Plaintiff appears to express disagreement with the undersigned judge's handing of his "Request for Entry of Default Judgment," which was filed in Case No. C 11-2668 SBA (PR). (Id.) It seems that Plaintiff intends to bring an action against the undersigned judge pursuant to 42 U.S.C. §1983; however, federal judges are absolutely immune from these claims. See Moore v. Brewster, 96 F.3d 1240, 1243 (9th Cir. 1996); Mullis v. U.S. Bankruptcy Court, 828 F.2d 1385, 1394 (9th Cir. 1987) (applying judicial immunity to actions under Bivens), cert. denied, 486 U.S. 1040 (1988). This is because if a federal judge violates a litigant's constitutional rights in a proceeding pending in federal court, Congress has provided carefully structured procedures for taking appeals and for petitioning for extraordinary writs in Title 28 of the United States Code. See id. Accordingly, all claims against the undersigned judge are DISMISSED.

1    Furthermore, in the instant case, it has been more than two months since Plaintiff has
2 communicated with the Court. Plaintiff filed the aforementioned document on December 14, 2011,
3 and he has not communicated with the Court since that date. Furthermore, on January 3, 2012 and
4 again on January 6, 2012, mail sent to Plaintiff was returned as undeliverable with the notation:
5 "Returned to Sender -- Refused," as well as additional handwritten notations: "Inmate Refused Mail
6 on 12-29-11," and "Inmate Refused on 1-3-12," respectively. Accordingly, in an Order dated
7 January 19, 2012, the Court determined that it was in the interests of justice and judicial efficiency
8 for the Court to establish Plaintiff's current address and whether he intended to continue to prosecute
9 this action. The Court informed Plaintiff that if he failed to do so within thirty days, this action
10 would be dismissed without prejudice for failure to prosecute. The Court's January 19, 2012 Order
11 was sent to Plaintiff at his address on file and, to date, it has not been returned as undeliverable.

12    More than thirty days have passed, and Plaintiff has filed no response to the Court's January
13 19, 2012 Order. A district court may sua sponte dismiss an action for failure to prosecute or to
14 comply with a court order pursuant to Federal Rule of Civil Procedure 41(b). See Link v. Wabash
15 R.R., 370 U.S. 626, 633 (1962); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991). The court
16 should consider five factors before dismissing an action under Rule 41(b): (1) the public interest in
17 the expeditious resolution of the litigation: (2) the court's need to manage its docket; (3) the risk of
18 prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the public policy
19 favoring the disposition of actions on their merits. See Malone v. United States Postal Serv., 833
20 F.2d 128, 130 (9th Cir. 1987).[1] The first three factors, above, weigh in favor of dismissal in light of
21 the amount of time that has passed -- more than two months -- without Plaintiff filing anything in
22 this matter, and also taking into consideration his other actions of (1) refusing mail sent to him by
23 the Court and (2) not responding to the Court's January 19, 2012 Order. The fourth factor also
24 weighs in favor of dismissal because less drastic sanctions would have little impact in light of
25 Plaintiff's apparent lack of interest in this case. Although the fifth factor appears to weigh against

---

[1] The court should also afford the litigant prior notice of its intention to dismiss, id. at 133, as this Court has done.

2

1 dismissal, dismissal is appropriate in light of the other four factors. See Pagtalunan v. Galaza, 291
2 F.3d 639, 643 (9th Cir. 2002) (finding district court did not abuse its discretion in dismissing petition
3 with prejudice where three of the five factors weighed in favor of dismissal).
4     In light of the foregoing, all claims against the undersigned judge are DISMISSED, and this
5 action is hereby DISMISSED for failure to prosecute, pursuant to Federal Rule of Civil Procedure
6 41(b). The Court has rendered its final decision on this matter; therefore, this Order TERMINATES
7 Plaintiff's case.
8     The Clerk of the Court shall close the file and terminate any pending motions.
9     IT IS SO ORDERED.
10 DATED: 3/13/12

SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

IMHOTEP JORDAN JR,

        Plaintiff,

  v.

SAUNDRA B ARMSTRONG et al,

        Defendant.
                                   /

Case Number: CV11-06314 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 13, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Imhotep Jordan C-71742
Calipatria State Prison
P.O. Box 5002
Calipatria, CA 92233

Dated: March 13, 2012

                                      Richard W. Wieking, Clerk
                                      By: Lisa Clark, Deputy Clerk